IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WAYNE SILVERIA GAYLE,      :
    Plaintiff,              :
                      :
    v.                   :      CIVIL ACTION NO. 26-CV-2182
                      :
YOUNG, MARR, MALLIS &      :
ASSOCIATES LAW FIRM, *et al.*,  :
    Defendants.        :

## MEMORANDUM

**SCHMEHL, J.**                          **APRIL 29, 2026**

Plaintiff Wayne Silveria Gayle brings this civil action against several law firms and lawyers whom he hired to serve as his defense counsel, *i.e.*, Young, Marr, Mallis & Associates Law Firm; Gail Marr; Neff & Sedacca, P.C. Law Firm; Marc Neff; Matt Sedacca; the Mack Law Office Law firm; Vander Veen, Harshorn & Levin Law Firm; Mark Mack; Adam Leasure; and Michael T. Van Der Veen. For the following reasons, the Court will grant Gayle leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS[1]

Briefly, Gayle was charged in a criminal proceeding in Northampton County. (Compl. at 16-17.) He contracted with the Defendant-attorneys and law firms named in this civil action to defend him against the criminal charges, but claims none of them provided him with adequate legal services and, to the contrary, violated his rights, breached their contracts with him, and committed "malpractice" in various respects. (*See generally* Compl. at 8-42.) They also did not

---

[1] The factual allegations set forth in this Memorandum are taken from Complaint. (ECF No. 2.)

return the money he paid them upon his request. (*Id.*) Accordingly, Gayle seeks damages from the Defendants for alleged violations of federal and state law. (*See generally id.* 8-46.)

## II.    STANDARD OF REVIEW

The Court will grant Gayle leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotation marks omitted). As Gayle is proceeding *pro se*, the Court construes his allegations liberally. *See, e.g.*, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

## III.    DISCUSSION

### A.  Federal Claims

Gayle attempts to invoke this Court's federal question jurisdiction by raising constitutional claims under 42 U.S.C. § 1983. However, "wholly insubstantial" claims are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute. *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing

2

to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal of claims for lack of jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (cleaned up)).  It has long been the law that lawyers who serve as defense counsel in criminal cases are not subject to liability under § 1983.  *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." (footnote omitted)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." (citations omitted)).  Accordingly, the factual scenarios described in the Complaint as the basis for Gayle's claims, do not raise a substantial federal question for jurisdictional purposes, *see*, *e.g.*, *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (*per curiam*) (affirming dismissal for lack of subject matter jurisdiction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute"); *see also Duffy v. George*, 669 F. App'x 73, 74 (3d Cir. 2016) (*per curiam*)

3

("Defendants are private actors, not state actors, who generally cannot be held liable under 42 U.S.C. § 1983."). Accordingly, the Court may not exercise jurisdiction under § 1331.[2]

### B. State Claims

Gayle also raises assorted claims under Pennsylvania law, which is in any event a better construction of his Complaint. District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotation marks and citation omitted).

It appears from the Complaint that Gayle and some, if not all, of the Defendants are Pennsylvania citizens, meaning complete diversity of citizenship is lacking. (Compl. at 2-4, 7-

---

[2] Gayle also lists two federal agencies, (Compl. at 8-9), but neither these references nor anything else in the Complaint suggests any legal basis for a federal claim.

4

8.)  Further, given the amounts Gayle claims to have paid to the Defendants, it is not clear that the amount in controversy is met.  *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." (footnotes omitted)); *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 322 (3d Cir. 2010) (*per curiam*) (affirming the district court's ruling that diversity jurisdiction was lacking because plaintiff's plausible damages were well below $75,000).  Accordingly, the Court cannot exercise jurisdiction under § 1332.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction.  *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))).  The Court concludes that amendment would be futile in this case.  The dismissal does not preclude Gayle from filing a complaint in the proper state court so he may proceed on his claims in that venue, should he choose to do so.[3]

An appropriate Order follows.

BY THE COURT:

*/s/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[3] The Court expresses no opinion at this time on the merits of Gayle's state claims.

5